**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IC DISPLAY SYSTEMS LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| AU OPTRONICS CORPORATION, and AU OPTRONICS CORPORATION AMERICA, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IC Display Systems LLC ("ICDS" or "Plaintiff"), for its Complaint against Defendant AU Optronics Corporation ("AUO Corp.") and AU Optronics Corporation America, ("AUO U.S.A.") (individually each a "Defendant" and collectively "Defendants" or "AUO") alleges the following:

## NATURE OF THE ACTION

1.   This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2.   Plaintiff is a limited liability company organized under the laws of the State of Delaware with a place of business at 717 North Union Street, Wilmington, Delaware 19805.

3.   Upon information and belief, AUO Corp. is a corporation organized and existing under the laws of Taiwan, with a place of business at No. 1, Li-Hsin Road 2, Hsinchu Science Park, Hsinchu, Taiwan, R.O.C.  Upon information and belief, AUO Corp. sells and offers to sell products and services throughout the United States, including in this judicial district, and

introduces products and services that into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

4.    Upon information and belief, AUO U.S.A. is a corporation organized and existing under the laws of California, with a place of business at 1525 McCarthy Boulevard, Suite 218, Milpitas, California 95035, and can be served through its registered agent, CT Corporation System, 818 W. 7th Street, Suite 930, Los Angeles, CA  90017.  Upon information and belief, AUO U.S.A. sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5.    This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).  On information and belief, each Defendant conducts business in this District, the claims alleged in this Complaint arise in this District, and the acts of infringement have taken place and are continuing to take place in this District.

8.    On information and belief, each Defendant is subject to this Court's general and specific personal jurisdiction because each Defendant has sufficient minimum contacts within the State of Delaware, pursuant to due process and/or the Del. Code. Ann. Tit. 3, § 3104 because each Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware, because each Defendant regularly conducts and solicits business within the State of

Delaware, and because Plaintiff's causes of action arise directly from each of Defendant's business contacts and other activities in the State of Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,892,561

9.      The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10.     On April 6, 1999, U.S. Patent No. 5,892,561 ("the '561 patent"), entitled "LC Panel with Reduced Defects Having Adhesive Smoothing Layer on an Exterior Surface of the Substrate(s)," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '561 patent is attached as Exhibit 1.

11.     Plaintiff is the assignee and owner of the right, title and interest in and to the '561 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

12. Upon information and belief, each Defendant has and continues to directly infringe at least claims 1-3 of the '561 patent by making, using, selling, importing and/or providing and causing to be used liquid crystal panels that fall within the scope of claims 1-3 of the '561 patent, including, but not limited to, the products with the following designations or trade names: T260XW04, T315XW03, T370HW03, T420HW06, T460HW08, T546HW01, T240HW01, T260XW06, T260HW02, T315XW06, T315HW07, T370HW05, T420HW08, T460HW07, T546HW04, T645HW05, T460HW06, T546HW03, M170EG01 VH, M190PW01 V6, M200RW01 V0, M215HW01 V0, M240HW01 V2, M270HW01 V0, M185XW01 VD, M215HW01 VB, M240HW01 VB, M215HW02 V0, M240HW02 V1, B101AW06, B133XW02, B140XW01, B156XW02, B173RW01, B116XW03, B125XW01, B133XW03, B140XW03, B156XW04, B156HW03, B101EW05, H154QN01, H220QN02, H240QN02, H354VL01, H367VL01, H397VN01, H428VL01, H430VL02, A027DN04, A030DN05, A030JN01,

A025CN05, A035QN05, A043FW05, G057QN01 V2, G057VN01 V2, G065VN01 V2,

G070VW01 V0, G084SN05 V9, G085VW01 V0, G104SN02 V2, G104SN03 V5, G121SN01

V4, G121XN01 V0, G150XG01 V1, G150XG01 V3, G150XG03 V3, G170EG01 V0,

G190EG01 V1, G190EG02 V1, G220SW01 V0, G240HW01 V0, P260XW01 V0, P315XW01

V0, P420HW01 V1, P420HW02 V0, P460HW02 V0, P546HW01 V0, P546HW02 V0,

P645HW03 V0, P645HW04 V0, C043GW01, C061FW01, C061VW01, C065GW03,

C070FW01, C070FW03, C070VW02, C070VW04, C070VW05, C080VW02, C080VW04,

A043FW02, A043VL01, A050FW02, A050VL01, A061VW01, A070FW03, A070VW08,

A070SN02, A080SN03, A090VW01, A101VW01, A101SW01, A070XN01, all additional

commercially available 43"-65" 1920 x 1080 / 3840 x 2160 pixel resolution 2D/3D LCD TV

panels, all additional commercially available 28"-65" 1920 x 1080 pixel resolution Public

Information Display (PID) LCD panels, all additional commercially available 1920 x 1080 pixel

resolution LCD desktop monitors, and all additional commercially available 1920 x 1080 pixel

resolution general display applications (the "Infringing Instrumentalities").  Exemplary images

of the Infringing Instrumentalities are provided below:

[A]



**T420HF04 42" 1080p LCD TV**



13.     Claim 1 of the '561 patent generally recites a liquid crystal panel, comprising: a first transparent substrate having a first principal surface and a second principal surface opposite to the first principal surface; a second transparent substrate having a third principal surface and a fourth principal surface opposite to the third principal surface, the second transparent substrate being disposed such that the third principal surface faces the second principal surface of the first transparent substrate, with a gap formed between them; a liquid crystal layer interposed between the second principal surface and the third principal surface so as to fill the gap; at least one

transparent film provided on at least one of the first and fourth principal surfaces; an adhesive layer interposed between the transparent film and at least one of the first and fourth principal surfaces on which the transparent film is provided, wherein the adhesive layer substantially smooths out minor defects on the principal surface associated therewith; and a dielectric multilayer film provided on the transparent film.

14.     On information and belief, and as demonstrated in the exemplary images below, the Infringing Instrumentalities infringe claim 1 of the '561 patent because they comprise a liquid crystal panel (designated [A] above), comprising: a first transparent substrate (designated [B] below) having a first principal surface (designated [C] below) and a second principal surface (designated [D] below) opposite to the first principal surface; a second transparent substrate (designated [E] below) having a third principal surface (designated [F] below) and a fourth principal surface (designated [G] below) opposite to the third principal surface, the second transparent substrate being disposed such that the third principal surface faces the second principal surface of the first transparent substrate, with a gap formed between them (designated [H] below); a liquid crystal layer (designated [I] below) interposed between the second principal surface and the third principal surface so as to fill the gap; at least one transparent film (designated [J] below) provided on at least one of the first and fourth principal surfaces; an adhesive layer (designated [K] below) interposed between the transparent film and at least one of the first and fourth principal surfaces on which the transparent film is provided, wherein the adhesive layer substantially smooths out minor defects on the principal surface associated therewith; and a dielectric multilayer film (designated [L] below) provided on the transparent film.



**Cross Sectional View
of T420HF04 42" 1080p LCD TV Module**



Cross Sectional View
of T420HF04 42" 1080p LCD TV Module



**Top Optical Film**

Front polarizer material stack

Color Filter (Top) Glass Substrate

Color filter substrate

[F]

[H]

[I]

[D]

TFT substrate

Thin Film Transistor (Bottom) Glass Substrate

Rear polarizer material stack

**Bottom Optical Film**

LM     EHT = 15.00 kV     200 μm

**Cross Sectional View of T420HF04 42" 1080p LCD TV Module**



**Cross Sectional View
of T420HF04 42" 1080p LCD TV Module**



**Magnified View of Bottom Optical Film**



**Magnified View of Bottom Optical Film**



**Magnified View of Bottom Optical Film**

15.    Claim 2 of the '561 patent generally recites a liquid crystal panel as claimed in claim 1, wherein the adhesive layer has a refractive index within a range of ±0.2 from a refractive index of said first and second substrates.

16.    On information and belief, and as demonstrated in the exemplary images above and below, the Infringing Instrumentalities infringe claim 2 of the '561 patent because they comprise a liquid crystal panel as claimed in claim 1 (as shown in paragraph 14 above), and that liquid crystal panel contains an adhesive layer [K] with a refractive index (designated [M] below)

within a range of ±0.2 (designated [N] below) from a refractive index of said first and second

substrates (designated [O] below).



**Cross Sectional View
of T420HF04 42" 1080p LCD TV**

[O]



## Corning® EAGLE XG™ AMLCD Glass Substrates
### Material Information

| Optical Wavelength | Refractive Index |
|---|---|
| 435.8 nm | 1.5198 |
| 467.8 nm | 1.5169 |
| 480 nm | 1.5160 |
| 508.6 nm | 1.5141 |
| 546.1 nm | 1.5119 |
| 589.3 nm | 1.5099 |
| 643.8 nm | 1.5078 |

Korea
**Samsung Corning Precision Glass Co., Ltd.**
12th floor, Taepyungro Building
310 Taepyungro-2ga
Jung-gu, Seoul, 100-767 Korea
Telephone: +82 2-728-0733
Fax: +82 2-728-0749
Internet: www.samsungscp.co.kr

[M]

## 3M™ Optically Clear Adhesive

| Product Number | Adhesive Thickness (mil) | Peel Adhesion to Glass (oz/in) | PET Release Film | Refractive Index | Haze (%) | Coating/ Processing Environment | Typical Applications |
|---|---|---|---|---|---|---|---|
| 8171 | 1 | 42 | 2.0 mil/2.0 mil | 1.475 | 0.6 | | PC/PMMA Substrate |
| 8172 | 2 | 45 | 2.0 mil/2.0 mil | 1.474 | 0.8 | | |
| 8173D² | 3 | 41 | 2.0 mil/2.0 mil | 1.474 | 1 | | |
| 8211 | 1 | 54 | 2.0 mil/2.0 mil | 1.473 | 0.1 | | General Purpose |
| 8212 | 2 | 65 | 2.0 mil/2.0 mil | 1.475 | 0.6 | | |
| 8213¹ | 3 | 69 | 2.0 mil/2.0 mil | 1.473 | 0.4 | | |
| 8214¹ | 4 | 67 | 2.0 mil/2.0 mil | 1.474 | 1.2 | | |
| 8215¹ | 5 | 69 | 2.0 mil/2.0 mil | 1.473 | 0.8 | Cleanroom | |
| 8271 | 1 | 47 | 2.0 mil/2.0 mil | 1.485 | 0.3 | | 'Bare' ITO Surface |
| 8271S | 2 | 46 | 2.0 mil/2.0 mil | 1.489 | 1.0 | | |
| 8272 | 2 | 57 | 2.0 mil/2.0 mil | 1.485 | 0.3 | | |
| 8273¹ | 3 | 67 | 2.0 mil/2.0 mil | 1.487 | 0.3 | | |
| 8273D¹,² | 3 | 60 | 2.0 mil/2.0 mil | 1.489 | 1.4 | | |
| 8274¹ | 4 | 80 | 2.0 mil/2.0 mil | 1.487 | 0.1 | | |
| 8275¹ | 5 | 80 | 2.0 mil/2.0 mil | 1.487 | 0 | | |

¹ Made to order. Longer lead time required.
² D—Double coated OCA

**3M**

**Electronics Markets**
**Materials Division**
3M Electronics
3M Center, Building 21-1W-10
St. Paul, MN 55144-1000
www.3M.com/electronics
1-800-251-8634

[N] = [O] − [M]
     = 0.0448 [Max] ~ 0.0208 [Min]
     ≤ ±0.2

[N]

17.   Claim 3 of the '561 patent generally recites a liquid crystal panel as claimed in claim 1, wherein said transparent film is provided on both said first and fourth principal surfaces.

18.   On information and belief, and as demonstrated in the exemplary images above and below, the Infringing Instrumentalities infringe claim 3 of the '561 patent because they comprise a liquid crystal panel as claimed in claim 1 that includes a transparent film [J] on both the first [C] and fourth principal surfaces [G].



**Magnified View of Top Optical Film**



**Magnified View of Bottom Optical Film**

19.     Plaintiff has been harmed by Defendants' infringing activities.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for itself and against Defendants as follows:

A.     An adjudication that each Defendant has infringed the '561 patent;

B.     An award of damages to be paid by Defendants adequate to compensate Plaintiff for  Defendants' past infringement of the '561 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of

Plaintiff's reasonable attorneys' fees; and

D.     An award to Plaintiff of such further relief at law or in equity as the Court deems

just and proper.

Dated: October 18, 2016                    DEVLIN LAW FIRM LLC


                                           /s/ Timothy Devlin
                                           Timothy Devlin (#4241)
                                           tdevlin@devlinlawfirm.com
                                           1306 N. Broom St., 1st Floor
                                           Wilmington, Delaware 19806

                                           Telephone: (302) 449-9010
                                           Facsimile: (302) 353-4251

                                           *Attorneys for Plaintiff IC DISPLAY SYSTEMS LLC*